**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

                                                                 **21-CR-50V**

  v.

**LARRY WATKINS, JR.,**

                **Defendant.**

---

**DECISION AND ORDER**

      The defendant has filed a motion wherein he seeks to have this Court reconsider its decision and recommendation to deny his original motion to suppress the use of statements made by him at the trial of this case. Dkt. #45. He also seeks reconsideration of this Court's decision and recommendation to deny his motion to suppress the use of evidence, a gun, that was seized by U.S. Probation officers during the search of his home. Dkt. #45. In support of his motion for reconsideration on both issues, the defendant puts forth a number of legal decisions that he asserts supports his position and claiming that this Court failed to properly apply.

      What has been offered by the defendant in support of his motion for reconsideration of this Court's decision and recommendations is nothing new since this Court did review and consider those cases cited by the defendant in making its

1

determinations in its Report, Recommendation and Order dated March 24, 2022. Dkt. #42.   In fact, in addressing the *Miranda* issue in the context of a two-step interrogation of the defendant, I took the usual steps of setting forth what I considered to be a strong factual circumstance that gave merit to the defendant's argument. Dkt. #42, pp. 16-18.   Also, I was fully aware of the Second Circuit Court of Appeals decision in *United States v. Capers*, 627 F.3d 470 (2d Cir. 2010) which the defendant heavily relies on in support of his motion for reconsideration.   I believe that the facts in that case upon which the Court of Appeals based its decision are distinguishable from the facts in the defendant's case.   As a result, the analysis of the two-step interrogation issue was done in keeping with the Supreme Court's decision in *Oregon v. Elstad*, 470 U.S. 298 (1985) and the Second Circuit Court of Appeals decision in *United States v. Carter*, 489 F.3d 528 (2d Cir. 2007), *cert. denied by Bearam v. United States*, 128 S. Ct. 1066 (2008).

        Therefore, the appropriate remedy is for the defendant to file objections to the Court's Report, Recommendation and Order and present his arguments to the

District Judge to whom this case has been assigned.   The defendant's motion for reconsideration is denied.

DATED:	Buffalo, New York
	April 6, 2022

					*S/ H. Kenneth Schroeder, Jr.*
					**H. KENNETH SCHROEDER, JR.**
					**United States Magistrate Judge**